**In the Matter of SON–SHINE GRADING, INC., Debtor.**

**Bankruptcy No. 82–01401–5.**

United States Bankruptcy Court, E.D. North Carolina.

Jan. 24, 1983.

J. Larkin Pahl and N. Hunter Wyche, Jr., of the firm of Smith, Debnam, Hibbert & Pahl, Raleigh, N.C., for debtor.

Thomas B. Wood, Asst. Atty. Gen., North Carolina Dept. of Justice, Raleigh, N.C., for the State of N.C.

## MEMORANDUM OPINION

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the Debtor's application for a temporary restraining order against the State of North Carolina. The application was filed with the Court on October 15, 1982. A response was filed by the State of North Carolina on October 25, 1982. The matter was heard on October 26, 1982.

There is no dispute as to the relevant facts in this case and the Court finds the facts to be as follows:

## FINDINGS OF FACT

1. On July 20, 1982, the Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code.

2. The Debtor is a licensed general contractor and has been licensed for the past five (5) years.

3. The Debtor has performed on only two state highway projects since 1970 and in each instance, it performed as a subcontractor and not as a primary contractor.

4. The Department of Transportation of the State of North Carolina maintains a list of prequalified bidders and the Debtor was on this list prior to September 20, 1982. The contractors on the prequalified bidder list are required to requalify annually, and the Debtor had to requalify on or before October 15, 1982. The Debtor submitted an Experience Questionnaire for Prequalification to the State of North Carolina Department of Transportation dated September 20, 1982.

5. Item Number 8 of Experience Questionnaire which was completed by the Debtor stated that it was under the protection of the bankruptcy court and had a petition pending in bankruptcy court.

6. On October 5, 1982, the Debtor was informed by letter from the State of North Carolina Department of Transportation that it was declining to requalify the Debtor and removing his name from the list of prequalified contractors effective October 5, 1982, because of "The bankruptcy, insolvency, or any act of bankruptcy or insolvency of the bidder."

7. The Department of Transportation adopted a Standard Special Provision dated December 26, 1978, which provides that the bankruptcy, insolvency, or any act of bankruptcy or insolvency of the bidder is a cause for the disqualification of bidders. The Standard Special Provision contained in the Specification is required by Section 02D.0801 of Title 19A, North Carolina Administrative Code.

## ISSUE

The issue before this Court is whether the North Carolina Department of Transportation is to be enjoined from disqualifying the Debtor from bidding on contracts with the North Carolina Department of Transportation because of its pending case in the United States Bankruptcy Court?

## CONSIDERATION OF ISSUE

Section 525 (11 U.S.C. § 525) of the Bankruptcy Code provides:

Except as provided in Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §§ 499a–499s), the Packers and Stock-

yards Act, 1921 (7 U.S.C. §§ 181–229), and section 1 of the Act entitled 'An Act making appropriations for the Department of Agriculture for the fiscal year ending June 30, 1944, and for other purposes,' approved July 12, 1943 (57 Stat. 422; 7 U.S.C. § 204), a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

The application filed by the Debtor is not consistent with the procedure prescribed by the Rules of Bankruptcy Procedure. (See Section 701 of the Rules of Bankruptcy Procedure.) However, the issue has been sufficiently raised by the Debtor and responded to without objection by the State of North Carolina and the issue should be resolved on its merits rather than a point of procedure.

It should also be noted that the facts are not in dispute and each party has been accorded sufficient time to file briefs. As a result, there is no need for consideration of a temporary restraining order and the Court will consider the Debtor's request as a request for a permanent injunction.

■ The State of North Carolina contends that the Eleventh Amendment to the Constitution of the United States prohibits this Court from granting injunctive relief in favor of the Debtor and against the State of North Carolina; however, the Eleventh Amendment has no application to the case in question.

■ The State of North Carolina further contends that the Debtor should not be granted a preliminary injunction or temporary restraining order because the injury threatened is not irreparable and because there is no need for speed or no emergency relief needed. However, this matter has not been treated by this Court as a hearing for a preliminary injunction or a temporary restraining order. To the contrary, the facts are not disputed, the case has been adequately briefed by both parties and the relief being considered by the Court is not temporary or preliminary but permanent.

The State of North Carolina has argued extensively that if the relief requested by the Debtor is granted that it will be forced to contract with irresponsible debtors. Such is not the case. The Debtor has not complained about the financial requirements for bidding on highway projects other than the provision which prevents it from bidding solely because of its filing a bankruptcy petition. Furthermore, the Debtor is not requesting this Court to tell the State of North Carolina what financial requirements may or may not be required of its bidders. However, if a contractor can meet all bidding requirements of other contractors except for the fact that it has a bankruptcy petition pending, then it becomes very apparent that the State of North Carolina is arbitrarily assuming that a bankrupt debtor cannot meet its reasonable requirements for bidding on state highway projects. In many cases, a debtor under Chapter 11 may be much better able to perform its contracts than a contractor not in bankruptcy since the current operating profits of the debtor-contractor are not required for immediate use in the payment of pre-petition debts.

## CONCLUSIONS OF FACT AND LAW

The Court concludes that the disqualification of the Debtor from bidding contracts to be awarded by the Department of Trans-

portation of the State of North Carolina solely because of the fact that the Debtor has filed a petition in Chapter 11 of the Bankruptcy Code is a clear violation of 11 U.S.C. § 525 and should be permanently enjoined. *Marine Electric Railway Products Division, Inc. v. New York City Transit Authority,* 17 B.R. 845, 8 B.C.D. 977 (Bkrtcy.E.D.N.Y.1982), *Coleman American Moving Services, Inc. v. Tullos,* 8 B.R. 379, 7 B.C.D. 142 (Bkrtcy.D.Kan.1980). An appropriate order to this effect will be entered.